# Wheeler v. The State.

*Prosecution for Unlawfully and Maliciously Breaking Down*
*a Fence.*

1. *Unlawfully breaking down a fence; bill of exceptions; when excep-
tions not properly reserved.*—On a prosecution for wrongfully and ma-
liciously breaking down a fence, the property of another, where the
boundary between the prosecutor and the defendant, as established
by a surveyor was not shown, and on appeal the bill of exceptions
recites " the evidence for the State tended to show," &c., and then
sets out a statement of the survey and the particulars thereof, such
recital implies that the facts were tended to be shown by legal evi-
dence, even though the surveyor himself did not testify, and excep-
tions are not properly reserved to the rulings of the court upon the
evidence, when the bill of exceptions only recites that upon the
court's overruling each of the defendant's objections to each of the
questions eliciting such evidence, there was an exception reserved.

2. *Evidence as to boundary line; land owner competent witness as to
survey.*—When, in the trial of a case, there is an issue as to the true
location of the boundary line of certain land, the owner of the land
is a competent witness as to the particulars of the survey of the land,
he having been present at the survey and testifying from his own
knowledge of the facts.

[Wheeler v. The State.]

3. *Wrongfully and maliciously breaking down a fence; charge to the jury.*—On a prosecution for wrongfully and maliciously breaking down a fence, the property of another, where there was no evidence that it was a partition fence, a charge which instructs the jury that if the fence torn down by the defendant was on the dividing line between the prosecutor and the defendant, the defendant should be acquitted, is properly refused.

4. *Same; same.*—In such a case, a charge which instructs the jury that if there was a reasonable doubt as to whether the fence torn down was a partition fence between the defendant and prosecutor, they must acquit the defendant, asserts an incorrect proposition, and is properly refused.

APPEAL from the Criminal Court of Pike.

Tried before the Hon. WILLIAM H. PARKS.

The prosecution against the appellant was commenced by an affidavit and warrant sworn out before and issued by the judge of the Criminal Court of Pike county. The affidavit was made by D. Boutwell, and charged that the defendant "did wrongfully, maliciously and negligently break a fence, the property of D. Boutwell, against the peace and dignity of the State of Alabama."

The bill of exceptions recites that "After issue being joined, the evidence offered by the State tended to show, that before the issuance of the warrant, the defendant tore down a certain piece of fence in Pike county, Alabama; that the fence torn down was on land of one D. Boutwell. That the land of said Boutwell and that of defendant adjoined. * * * [Then follows a description as to how the surveyor made his survey.] The surveyor himself did not testify to this state of facts, but the prosecutor himself, who testified further that he was present when this survey was made. As each question eliciting the above testimony with regard to the survey was asked, the defendant objected to the same, upon the ground that it was not shown that the survey was correctly made, defendant not being present and consenting thereto, but the court overruled each objection to the different questions eliciting the testimony about the survey, and to the overruling of each objection this defendant reserved a separate exception. The defendant then moved the court to exclude all that part of the testimony which showed this survey, upon the ground that there was no evidence of the correctness of the survey, and

the court overruled the motion and defendant reserved an exception."

The prosecutor Boutwell, as a witness for the State, testified that according to this survey of McKinnon the fence torn down by defendant was on his side of the line and on his land, and in this testimony he was corroborated by another witness for the State.

The evidence of the defendant was, that the county surveyor of Pike county, Adams, surveyed the land about the first of July, and that before the survey he notified Boutwell that such survey was to be made at that time, and Boutwell was present.

According to the survey made by said Adams, the evidence as to where the portion of the fence torn down was, was conflicting. That of the State tended to show that the fence broken down was on Boutwell's land. The evidence for the defendant tended to show that all the fence that defendant tore down was on his land.

This being substantially all the evidence, the defendant requested the court to give the following written charges to the jury, and separately excepted to the court's refusal to give each as asked: (1.) "If the fence torn down by the defendant was on the dividing line between Boutwell and Wheeler, it is the duty of the jury to acquit defendant." (2.) "If there is a reasonable doubt in the minds of the jury whether the fence torn down was a partition fence between defendant and Boutwell, they must acquit defendant."

There were verdict and judgment of guilty as charged, and from this judgment the defendant prosecutes the present appeal.

No counsel marked as appearing for appellant.

WILLIAM C. FITTS, Attorney-General, for the State.

HEAD, J.—From the manner in which the bill of exceptions recites the facts of the McKinnon survey, it must be taken that the evidence of them was legal. The recital is that, "the evidence for the State tended to show," &c., followed by a statement of the survey made by McKinnon and the particulars thereof. This implies that the facts were tended to be shown by legal evidence. It is further recited that the surveyor him-

self did not testify, but that the evidence proceeded from the prosecutor, who was present at the survey. The effect, therefore, is that the prosecutor knew the correctness of the survey and testified according to his own knowledge, and not from the hearsay of the surveyor. If he knew the facts himself, it was as competent to prove them by him as by the surveyor. The exceptions to the evidence were, therefore, not properly reserved.

There is no evidence in the record tending to show that the fence removed by the defendant was a partition fence. There is evidence that a small portion of it was on the dividing line between the land of defendant and prosecutor, but it is undisputed that the whole fence was erected by the prosecutor, and there is nothing to show any agreement, express or implied, that it should be a partition fence, or that it was, in any manner, treated or used as such. The second charge requested by the defendant was incorrect in principle, and the first abstract.

There is no error in the record and the judgment is affirmed.

Affirmed.